IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Harvey R. Johnson, | ) | C/A No.: 1:13-3347-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

  Harvey R. Johnson ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the decision rendered during a disciplinary hearing. Petitioner is a federal prisoner at the Federal Correctional Institution in Williamsburg, South Carolina, serving a 270-month sentence rendered by the United States District Court for the Middle District of Florida. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss/summary judgment filed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 56. [Entry #8]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #9, #10]. Petitioner filed a response. [Entry #12].

  Having carefully considered the parties' submissions and the record in this case, the undersigned is constrained to recommend granting Respondent's motion.

1

I.     Factual and Procedural Background

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the decision rendered during a disciplinary hearing resulting from incident report No. 2436903 prepared on April 25, 2013 ("Incident Report"). [Entry #8-3]. The Incident Report alleged possession of contraband in the form of marijuana in one of Petitioner's lockers in the Legal Room at the facility. [Entry #8-3]. Petitioner asserts that prison officials conspired to plant the marijuana in his legal locker and engaged in a cover up, violating his due process rights, and rendering the entire disciplinary process wholly arbitrary and capricious. [Entry #1 at 7]. Because Petitioner's discipline included loss of Good Conduct Time, which impacts the duration of his sentence, this court has jurisdiction over this matter.  Petitioner asks the court, *inter alia*, to expunge the Incident Report, vacate the disciplinary action taken against him, and remove him from BOP custody. [Entry #1 at 18]. Defendant does not contest that Petitioner has exhausted his administrative remedies pursuant to the formal Administrative Remedy Program of the Bureau of Prisons ("BOP"). [Entry #8 at 4].

The Incident Report indicates that during a 9:55 a.m. search of the Legal Room in A-2 on April 25, 2013, Counselor Claussen-Alcock searched Petitioner's legal locker #12 and found a green leafy substance inside plastic taped to the front door panel. [Entry #8-3 at 1]. The substance field tested positive for marijuana. [*Id.*]. As a result, Petitioner was charged with Possession of Any Narcotics, Marijuana, Drugs or Paraphernalia, Code 113. [*Id.* at §§ 9–10]. A copy of the Incident Report was delivered to Petitioner approximately an hour and a half after the search [*id.* at §§ 14–16] and an investigation into the charges

was conducted [*id.* at §§ 23–26]. During the investigation, Petitioner was advised of his rights and was given the opportunity to make a statement in his defense. [*Id.* at 6, §§ 23–24]. Petitioner alleges he stated "It is not true.  I was obviously set up due to filing grievances. I want the video surveillance for this morning, and several days prior to, reviewed." [Entry #1 at 6]. The Incident Report reflects that Petitioner stated that he was not guilty and that he wanted the matter forwarded to the U.S. Attorney's Office. [Entry #8-3 at § 17]. The investigating official determined there was sufficient evidence to support the charges and referred the Incident Report to the Unit Discipline Committee ("UDC") for further review. [Entry #8-3 at § 26]. Petitioner was given written notice of the Discipline Hearing Officer ("DHO") hearing and of his rights at the hearing. [Entry #8-4, #8-5, #8-6 at 1].  Petitioner requested a staff representative and did not request any witnesses to call for the DHO hearing. [Entry #8-4].

The following afternoon, at 2:14 p.m. on April 26, 2013, the UDC referred the matter to the DHO for further review. [*Id.* at §§ 18–21].

On May 30, 2013, the DHO conducted a hearing. [Entry #8-6]. Petitioner was again advised of his rights. [Entry #8-6 at § I]. Petitioner pleaded not guilty and made the following statement:

> I don't know if another inmate placed the drugs in my locker, or if another inmate was instructed by staff to place it in there. The morning the marijuana was found there was staff already in the unit. I was given [a urine analysis] the same day around 9:46 a.m. then the counselor said she found [the marijuana] at 9:55, that's impossible. I have three legal bins, but only had two locks, therefore I did not have enough locks to lock all my legal bins.

[Entry #8-6, § III.B].

Petitioner received assistance from a staff representative during the DHO hearing. [Entry #8-6, § II.B]. Petitioner did not request or present any witnesses. [Id., § II.A–B & § III.C]. The DHO considered all of the evidence provided at the hearing and determined Petitioner had committed the prohibited acts as charged. [Entry #8-6, § III.D, § IV]. The DHO sanctioned Petitioner to 41 days loss of Good Conduct Time; 90 days disciplinary segregation; 180 days loss of commissary, trulincs, MP3 player, and telephone access; and 18 months of only immediate family visits. [Entry #8-6, § VI].

On June 13, 2013, a copy of the DHO report was delivered to Petitioner and he was advised of his right to appeal the DHO's decision. [Entry #8-6, § IX].

After administratively exhausting his remedies, Petitioner filed this action on or about December 2, 2013. [Entry #1].

II.     Discussion

    A.     Motion to Dismiss and Motion for Summary Judgment Standards

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6)

4

motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

Pursuant to Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255.

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a court may not construct a party's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

5

Because Respondent, in his motion, presented to the court matters outside the pleadings, which the undersigned did not exclude, the court will treat Respondent's motion to dismiss for failure to state a claim as one for summary judgment.

B.    Analysis

Certain procedural safeguards apply when loss of statutory good time credit is at issue. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In *Wolff*, the Supreme Court set out the requirements for due process in prison disciplinary hearings:

> 1.    Giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;
>
> 2.    Providing the prisoner a written statement by the fact finder(s) as to the evidence relied on and reasons for the disciplinary action;
>
> 3.    Allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;
>
> 4.    Permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and
>
> 5.    Providing impartial fact finders.

*Id.* at 563–76. Additionally, DHO findings revoking a prisoner's good time credit must be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–56 (1985). The *Hill* Court declined to adopt a more stringent evidentiary standard as a constitutional requirement, stating:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental

6

> fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

*Id.* at 456. The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could support the decision. *Id.* at 455–56; *Baker v. Lyles*, 904 F.2d 925, 932 (4th Cir.1990) ("Nor does [requiring some evidentiary basis to revoke good time credits] imply that a disciplinary board's factual findings or decisions with respect to appropriate punishment are subject to second-guessing upon review."). This standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999). As the *Hill* Court noted:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

472 U.S. at 455–56.

A review of the record reveals that the due process requirements stated in *Wolff* were observed in this case. Petitioner was provided written notice twenty-four hours before the DHO hearing. [Entry #8-4, #8-5, #8-6 at § I]. Petitioner was provided a copy of the DHO report [Entry #8-6 at § I], which includes information about the evidence relied on and the reasons for the disciplinary action, on June 13, 2013 [Entry #8-6]. Before the hearing, Petitioner was advised of his right to call witnesses, to present documentary evidence, and to have a staff representative at the hearing. [Entry #8-6].

Petitioner declined to call witnesses, but invoked his right to a staff representative. [Entry #8-6 at 2].

Petitioner asserts that he was denied due process by not being provided access to video surveillance in preparing his defense [Entry #1-1 at 6–7] and by not being provided staff memoranda regarding the incident [Entry #1-1 at 8–9]. Petitioner similarly alleges that he requested and was denied access to photographs of the marijuana, chain of custody forms, and staff memoranda on which the DHO based her decision. [Entry #1-1 at 6–9]. The DHO noted in her decision that such items are not produced to inmates for reasons of institutional security and safety. [Entry #8-6, § V].

Respondent argues that Petitioner "never asked the investigating lieutenant to review or preserve any videotape." [Entry #1-4 at 15; Entry #8-8]. The DHO found that Petitioner's staff representative made every effort to locate the requested video surveillance [Entry #6, § V.], however the staff representative was unable to retrieve any archived close circuit surveillance of the incident. [Entry #9]. In his response to summary judgment, Petitioner presents evidence that the BOP was able to retrieve video surveillance concerning another inmate's disciplinary incident that occurred three weeks prior to Petitioner's incident, which investigation concluded approximately five days prior to Petitioner's request through his staff representative, for the video. [Entry #12 at 6–7]. Petitioner questions how the BOP has "the ability to go back approximately 3 weeks prior to Petitioner's incident to review the camera to convict an inmate, but not go back to a more recent date to help an inmate [Petitioner] support his case?" [Entry #12 at 7]. Petitioner alleges his due process rights were violated because the investigating

8

lieutenant refused to preserve the video surveillance, as he initially requested. [Entry #12 at 7]. Respondent argues that even if BOP staff had been able to retrieve the video surveillance, the DHO would not have been compelled to turn that evidence over to Petitioner, citing *Wolff*, 418 U.S. at 566, for the proposition that a prisoner is not guaranteed unfettered access to exculpatory evidence in the context of disciplinary hearings. Petitioner retorts that while the DHO would not have been compelled to turn the evidence over to Petitioner, the BOP has had a long practice of allowing a staff representative to review the camera data on behalf of an inmate to prepare for his defense. [Entry #12 at 8].

More disturbingly, Petitioner alleges in his response that Counselor Claussen-Alcock—the officer who states she found the marijuana in Petitioner's locked locker—enlisted another inmate's help to set up Petitioner for a marijuana charge. Specifically, Petitioner attaches the following statement of inmate Michael Thompson executed on July 3, 2013:

> I am writing this on behalf of Harvey Johnson. I was approached by the Counselor's clerk, Tim Richards[,] and told that he was sent by Ms. Claussen. The message was clear, to help set up Johnson or else Claussen was going to have me put on "diesel therapy." In order to avoid this I was given an amount of marijuana and told to smoke it with Johnson. I asked Johnson several times to smoke it with me but he was reluctant to. Later that night Richards came by my room and asked me "Is everything okay?" I answered "Yes." The next day, I was drug tested around 8:30 a.m. I was taken for a drug test that I passed. While waiting to reenter the unit, I saw Johnson being taken to the [urinalysis] room. When I entered the unit I saw Counselor Gonzalez searching Johnson's legal locker. Johnson was set-up by Counselor Claussen and I am a witness to that.

[Entry #12-5].

9

Petitioner appears to argue that this information helps explain why marijuana was allegedly found in his locker *after* he passed a drug test earlier that morning: that Claussen must have thought he would have failed the drug test because she believed he had smoked the marijuana inmate Thompson had offered to him, and when he passed it, she had marijuana planted in his locker. Respondent did not address any of Petitioner's arguments in reply.

While the undersigned finds disturbing the allegations concerning Claussen's alleged conspiracy to set him up, Petitioner has produced no evidence to establish the fact finders were impartial. The record establishes the DHO examined the record and conducted a hearing. [Entry #8-6 at 2 (indicating the DHO considered the Incident Report; Petitioner's oral denial; staff eyewitness account of the incident, photographs, staff memorandums, results of the Nik E test kit, and A-2 Legal Locker roster)]. The DHO made a determination as to the credibility of Petitioner and the staff. The DHO is entitled to make credibility determinations. Petitioner has failed to provide any evidence that the DHO was not impartial. Rather, the record establishes the DHO conducted a hearing and examined the record, including the evidence put forth by Petitioner in the form of oral statements.  Accordingly, Petitioner was afforded all due process required under *Wolff*. The due process clause does not require later consideration of evidence that could have been but was not presented during a prison disciplinary proceeding. *McPherson v. McBride,* 188 F.3d 784, 786–87 (7th Cir.1999). Rather, the court looks only to whether Petitioner received the procedural protections due under the Constitution,

and so long as he did, subsequent tender of additional evidence is irrelevant to the due process determination. *Id.* at 787.

For better or worse, judicial review of prison disciplinary actions is limited solely to a determination of whether there is some evidence in the record to support the DHO's decision. Petitioner denies knowing that the contraband was in his locked locker and believes that his allegations concerning a conspiracy to plant the marijuana was not properly credited by the DHO.

Here, there is some evidence in the record to support the DHO's decision that Petitioner was in constructive possession of the marijuana found in his locked locker. To the extent Petitioner alleges he is entitled to relief based on a claim of actual innocence, a claim of actual innocence is not a basis for federal habeas corpus relief. *See Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir.2000). "The due process clause does not require later consideration of evidence that could have been but was not presented during a prison disciplinary proceeding." *Jones v. McCaughtry,* 6 F. App'x 371, 372–73 (7th Cir. 2001) (citing *McPherson v. McBride,* 188 F.3d 784, 786–87 (7th Cir. 1999)). Instead, courts look only to whether a prisoner received the procedural protections due under the Constitution and "subsequent tender of additional evidence is irrelevant to [the] due process determination." *Id.* at 373 (citing *McPherson,* 188 F.3d at 787).

Because there is some evidence to support the DHO's decision, Respondent's motion for summary judgment should be granted, and the Petition should be denied.

11

III.    Conclusion

For the foregoing reasons, the undersigned is constrained to recommend that Respondent's motion for summary judgment [Entry #8] be granted and the petition for writ of habeas corpus be denied, and the petition dismissed with prejudice and without an evidentiary hearing. The court also recommends denying Petitioner's request for appointment of counsel[1] contained in his response to summary judgment [Entry #12 at 10].

IT IS SO RECOMMENDED.

May 15, 2014                                                Shiva V. Hodges
Columbia, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] There is no right to appointed counsel in habeas cases. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995). Attorneys may be appointed for a person "seeking relief under section 2241, 2254, or 2255 of title 28" when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Counsel may be appointed when counsel is necessary for effective discovery and must be appointed when evidentiary hearings are required. *See* Rules Governing § 2254 Cases, Rules 6(a) & 8(c), 28 U.S.C. foll. § 2254. The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. *See id.*, Rule 1(b). In light of the recommendation that the petition be denied without an evidentiary hearing, the questions presented in the petition are not so complex as to require an attorney to effectively argue them for Petitioner.

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).