UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Harvey R. Johnson, | ) | C/A No 1:13-3347-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden, FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Harvey R. Johnson, is an inmate with Federal Correctional Institution in Williamsburg, South Carolina. He brings this action pursuant to 28 U.S.C. § 2241 challenging a decision rendered during a disciplinary hearing at FCI Williamsburg.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

The petitioner was advised of his right to file objections to the Report and Recommendation and he timely filed objections which the court will address herein.

After noting a slight discrepancy in the opinion of the Discipline Hearing Officer (DHO) giving rise to the claim in this case, the court requested additional briefing from the parties. That briefing has been received and reviewed by the court making this case ripe for the court's review.

FACTUAL BACKGROUND

On April 25, 2013, a counselor at FCI Williamsburg searched one of petitioner's legal lockers and found a green leafy substance inside a plastic bag taped to the front door panel. The substance field-tested positive for marijuana, resulting in petitioner being charged with possession of narcotics within a prison. A copy of the incident report was delivered to the petitioner approximately an hour and one half after the search. During the ensuing investigation, petitioner was advised of his rights and was given the opportunity to make a statement in his defense. Petitioner vigorously argued that he was not guilty and suggested that he was "obviously" set up due to his being a prolific grievance filer within the Bureau of Prisons. He asked to review the video surveillance for the morning in question, and several days prior thereto.

Petitioner was given written notice of a disciplinary hearing and of his rights at the hearing. He requested a staff representative, but did not request any witnesses be called at the hearing before the DHO. The hearing was conducted on May 30, 2013. At the hearing, petitioner received assistance from a staff representative, but did not request or present any

2

witnesses. After considering all the evidence provided at the hearing, the DHO determined that petitioner had committed the prohibited acts as charged. He was ultimately sanctioned with a loss of good time credit, 90 days disciplinary segregation, 180 days loss of commissary privileges, telephone access, and immediate family visits.

On June 13, 2013, a copy of the DHO report was delivered to the petitioner and he was advised of his right to appeal the DHO's decision. Petitioner did so, and after fully exhausting his remedies, he turned to this court in an action filed on December 2, 2013.

## DISCUSSION

After acknowledging the procedural requisites of an action such as this (including, for example, the obligation to give the *pro se* litigant's pleadings a liberal construction, etc.), the Magistrate Judge turns to the well established procedural safeguards that apply when loss of statutory good time credit is at issue in a case. In *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), the Supreme Court set out the requirements for due process in prison disciplinary hearings as follows:

1. Giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;

2. Providing the prisoner a written statement by the fact finder(s) as to the evidence relied on and reasons for the disciplinary action;

3. Allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. Permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely

> that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and
>
> 5. Providing impartial fact finders.

From this court's review of the record in this case, it is evident that the Magistrate Judge was correct in determining that the petitioner was accorded all of the procedural protections required by *Wolff*.

Primarily at issue in this litigation is the ultimate decision rendered by the DHO. As the Magistrate Judge observes, DHO findings revoking a prisoner's good time credit must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–56 (1985).

It is clear from the record that petitioner's disciplinary representative attempted in good faith to request photographs, chain of custody forms, memoranda, and the like. The Magistrate Judge points out that such items are not produced to inmates for reasons of institutional security and safety.[3]

Petitioner's primary complaint is that the hearing did not include a review of the videotape covering his locker on the day in question and several days prior thereto. He points out that the FCI was able to retrieve a video surveillance tape concerning another inmate's disciplinary incident that occurred three weeks prior to his. Respondent argues that the videotape was, unfortunately, not maintained and that even if it had been retrieved, the

---

[3] The court notes that there is an internal discrepancy in the DHO report which seems to suggest, on face value, that petitioner did, in fact, receive photographs of the marijuana and the chain of custody form. In subsequent briefing, the court has determined that this indication was made in error. These items were requested by the representative, but not produced by the respondent.

4

DHO would not have been compelled to turn that evidence over to the petitioner, citing *Wolff*.

The Magistrate Judge is correct that *Wolff* stands for the proposition that a prisoner is not guaranteed unfettered access to exculpatory evidence in the context of a disciplinary hearing.

Petitioner also relies heavily upon a statement of inmate Michael Thompson, who suggested that petitioner was, in fact, set up by Counselor Claussen-Alcock. The Magistrate Judge found these allegations "disturbing," but concluded nevertheless that petitioner had produced no evidence to establish that the fact finder in his case was not impartial. The record establishes that the DHO examined the record and conducted a hearing. He considered the report, petitioner's oral denial, staff eyewitness's account of the incident, photographs, staff memorandum, and other materials. The DHO made a determination as to the credibility of the petitioner and of staff. As the Magistrate Judge points out, the DHO was entitled to make credibility determinations. In short, the Magistrate Judge concludes that petitioner was afforded all due process required under *Wolff*, and that based upon the limited judicial review of prison disciplinary actions accorded under that decision, the petitioner's claim must fail. Accordingly, the Magistrate Judge recommends that summary judgment be granted.

Petitioner's objections to the Magistrate Judge's Report and Recommendation take issue with every conclusion reached by the Magistrate Judge and basically reargues the same issues that were presented to, and rejected by, the Magistrate Judge. The petitioner's objection

memorandum also points out the technical discrepancy in the DHO report that led to this court's request for additional briefing. Such briefing has satisfied the court that despite the technical error, the underlying decision remains sound.

## CONLUSION

Having conducted the required *de novo* review, the court determines that the Magistrate Judge's recommendation should be adopted by this court. Accordingly, all objections are overruled; the Report is incorporated herein by reference; and the respondent's motion for summary judgment is granted.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 24, 2014                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).